Jordan Harlow
Glass Harlow & Hogrogian LLP
85 Broad Street
16th Floor
New York, NY 10004
212-537-6859
845-510-2210 (fax)

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------x
**JOSE CONCEPCION,**

                **Plaintiff,**

      -against-

**3RD AVENUE HEIGHTS LLC, EVAN ROBERTS COMPANY, FORDHAM 26 LLC, and WEBSTER 26 LLC,**

                **Defendants.**
---------------------------------------------------------x

**COMPLAINT**

**Civil Action No.:**

**DEMAND FOR JURY TRIAL**

Plaintiff JOSE CONCEPCION, by and through his attorneys, GLASS HARLOW & HOGROGIAN LLP, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Complaint against Defendants 3rd Avenue Heights Llc, Evan Roberts Company, Fordham 26 Llc, And Webster 26 Llc (collectively, "Defendants"), and respectfully alleges as follows:

**NATURE OF THE ACTION**

1.    Plaintiff brings this action seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), as well as Defendants' violations of Articles 6 and 19 of the New

1

York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations. Plaintiff claims he is entitled to unpaid wages from Defendants for hours worked as well as overtime hours worked for which he did not receive overtime premium pay as required by law and liquidated damages pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

2.  This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA.

3.  This Court has supplemental jurisdiction over the New York state law claims under 28 U.S.C. § 1367(a), as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4.  Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

5.  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6.  Plaintiff Jose Concepcion is a resident of Bronx County in the State of New York.

7.  At all times relevant herein, Plaintiff was an "eligible employee" as defined by 42 U.S.C. § 12111.

8. At all times relevant herein, Defendant 3rd Avenue Heights LLC ("3rd Avenue") was an "employer" as defined by 42 U.S.C. § 12111.

9. At all times relevant herein, 3rd Avenue was an enterprise engaged in commerce for purposes of the Fair Labor Standards Act.

10. At all times relevant herein, 3rd Avenue was a New York Domestic Business Corporation in the State of New York providing property management of residential buildings.

11. At all times relevant herein, Defendant Evan Roberts Company ("Evan Roberts") was an "employer" as defined by 42 U.S.C. § 12111.

12. At all times relevant herein, Evan Roberts was an enterprise engaged in commerce for purposes of the Fair Labor Standards Act.

13. At all times relevant herein, Evan Roberts was a New York Domestic Business Corporation in the State of New York providing property management of residential buildings.

14. At all times relevant herein, Defendant Fordham 26 LLC Company ("Fordham") was an "employer" as defined by 42 U.S.C. § 12111.

15. At all times relevant herein, Fordham was an enterprise engaged in commerce for purposes of the Fair Labor Standards Act.

16. At all times relevant herein, Fordham was a New York Domestic Business Corporation in the State of New York providing property management of residential buildings.

17. At all times relevant herein, Defendant Webster 26 LLC ("Webster") was an "employer" as defined by 42 U.S.C. § 12111.

18. At all times relevant herein, Webster was an enterprise engaged in commerce for purposes of the Fair Labor Standards Act.

19. At all times relevant herein, Webster was a New York Domestic Business Corporation in the State of New York providing property management of residential buildings.

20. All actions and omissions described in this complaint were made by Defendants directly and/or through its supervisory employees and agents.

21. At all times relevant herein, Defendants routinely conducted business within the Southern District of New York.

22. Defendant 3rd Avenue has provided the following address for service of process within the State of New York: 19 Hillside Avenue, Roslyn, New York 11577, in Nassau County.

23. Defendant Evan Roberts maintains a principal executive office at 36th West 37th Street, 2nd Floor, New York, New York 10018, in New York County.

24. Defendant Fordham has provided the following address for service of process within the State of New York: 36 West 37th Street, New York, NY 10018.

25. Defendant Webster has provided the following address for service of process within the State of New York: 19 Hillside Avenue, Roslyn, New York 11577, in Nassau County.

26. Upon information and belief, at all times relevant to this Complaint, Defendants 3rd Avenue and Evan Roberts were covered employers within the meaning of the FLSA, and at all times relevant to this Complaint, employed Plaintiff.

27. At all times relevant to this Complaint, Defendants 3rd Avenue and Evan Roberts were employers as that term is defined by NYLL Section 190(3).

## FACTS

28. Defendants committed the following alleged acts knowingly, intentionally and willfully.

29. Plaintiff has worked as a building superintendent for Defendants since on or about January 15, 2010.

30. Plaintiff works as the superintendent for three different properties: 2099 Webster Avenue, Bronx, New York, 10457; 363 180th Street, Bronx, New York, 10457; 501 176th Street, Bronx, New York, 10457.

31. Defendants have paid Plaintiff a biweekly salary of $470.00. Plaintiff has not received a raise during his entire period of employment.

32. Defendants knew that nonpayment of wages, including nonpayment of minimum wages and nonpayment of overtime wages, would economically injure Plaintiff and violated federal and state laws.

33. Defendants routinely required Plaintiff to work in excess of forty (40) hours per week.

34. At all times relevant to this Complaint, Defendants required Plaintiff to work from approximately 5 a.m. to 9 or 10 p.m., including weekends. On occasions, Plaintiff was required to work as late as 11 p.m. During these hours, Plaintiff receives phone calls from his building manager and building owner requiring him to complete tasks.

35. Accordingly, Plaintiff was scheduled to work at least one hundred and twelve (112) hours each week.

36. Further, Plaintiff's effective rate of pay was always below the statutory minimum wages in effect at relevant times.

37. Defendants' failure to pay Plaintiff an amount at least equal to the FLSA and New York state minimum wages was willful, and lacked a good faith basis.

38. Defendants did not accurately record the number of hours worked by Plaintiff.

39. Defendants failed to keep proper time records, as required by the FLSA.

40. Defendants regularly failed to record hours on time records that the Plaintiff worked and did so willfully in order to avoid paying Plaintiff for said hours.

41. Defendants instituted unlawful company policies that required Plaintiff to work hours for which he would not be paid. These policies harmed Plaintiff.

42. Defendants routinely required Plaintiff to perform work for which plaintiff was not paid.

43. Plaintiff was not compensated for all hours worked, including overtime.

44. Plaintiff repeatedly asked his building manager and owner of the buildings for raises and proper compensation. He was repeatedly denied.

**Other Wage and Hour Violations**

45. Defendants did not provide Plaintiff with a statement of wages with each payment of wages, as required by NYLL § 195(3).

46. Defendants did not give any notice to Plaintiff of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

47. No notification, either in the form of posted notices or other means, was ever given to Plaintiff regarding overtime and wages under the FLSA and NYLL.

**FIRST CLAIM FOR RELIEF**
**(FLSA Minimum Wage Violations, 29 U.S.C. §§ 201, *et seq.*)**

48. Plaintiff realleges and incorporates by reference all previous paragraphs.

49. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

50. Defendants failed to pay a salary greater than the minimum wage to Plaintiff for all hours worked.

51. As a result of Defendants' willful failure to compensate Plaintiff at a rate at least equal to the federal minimum wage for each hour worked, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206.

52. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 206.

53. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid compensation plus liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**(FLSA Overtime Violations, 29 U.S.C. §§ 201,** *et seq.***)**

54. Plaintiff realleges and incorporates by reference all previous paragraphs.

55. At all relevant times, Defendants have been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed, "employee[s]," including Plaintiff.

56. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

57. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiff the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though Plaintiff has been and is entitled to overtime.

58. At all relevant times, Defendant willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rates, one and a half times the federal minimum wage for hours worked in excess of forty (40) hours per workweek.

59. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(Minimum Wage Violations of the New York Labor Law, N.Y. Stat. § 650 *et seq.*)**

60. Plaintiff realleges and incorporates by reference all previous paragraphs.

61. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

62. Defendants willfully violated Plaintiff's rights by failing to pay his compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

63. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

64. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## FOURTH CLAIM FOR RELIEF
**(Overtime Violations of the New York Labor Law, N.Y. Stat. § 650 *et seq.*)**

65. Plaintiff realleges and incorporates by reference all previous paragraphs.

66. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

67. Throughout the Period, Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rates, one and a half times the minimum wages for hours worked in excess of forty (40) hours per workweek.

68. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

## FIFTH CLAIM FOR RELIEF
**(Spread of Hours Violations of the New York Labor Law, N.Y. Stat. § 650 *et seq.*)**

69. Plaintiff realleges and incorporates by reference all previous paragraphs.

70. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

71. Defendants willfully violated Plaintiff's rights by failing to pay him an additional hour's pay at the minimum wage for each day he worked a shift lasting longer than ten hours, in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 146-1.6.

72. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

73. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## SIXTH CLAIM FOR RELIEF
**(Violation of the Notice and Recordkeeping Requirements of the New York Labor Law)**

74. Plaintiff realleges and incorporates by reference all previous paragraphs.

75. Defendant failed to provide Plaintiff with a written notice containing: the rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece,

11

commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the names of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195(1).

76. Defendant is liable to Plaintiff in the amount of $2,500, together with costs and attorneys' fees.

## SEVENTH CLAIM FOR RELIEF
### (Violation of the Wage Statement Provisions of the New York Labor Law)

77. Plaintiff realleges and incorporates by reference all previous paragraphs.

78. With each payment of wages, Defendant failed to provide Plaintiff with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

79. Defendant is liable to Plaintiff in the amount of $2,500, together with costs and attorneys' fees.

## DEMAND FOR JURY TRIAL

80. Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief as follows:

    A.    All compensatory and economic damages;

    B.    All reasonable expenses incurred by Plaintiff, including court costs and reasonable and necessary attorney fees, including attorney's fees as provided by statutes, and other relief, both in law and equity, to which Plaintiff may show herself justly entitled;

    C.    All punitive and statutory damages authorized by law;

    D.    Pre-judgment and post-judgment interest; and

    E.    Such further relief as the Court finds just and proper

Dated: September 16, 2022

Respectfully submitted,

By:
\_\_\_/s_____
JORDAN F. HARLOW, Esq.
**GLASS HARLOW & HOGROGIAN LLP**
85 Broad Street
16th Floor
T: (212) 537-6859
*Attorneys for Plaintiff*