**HARLOW LAW, P.C.**
ATTORNEYS AND COUNSELORS AT LAW
A Limited Liability Partnership
85 BROAD ST., 17th FL -- WeWork
NEW YORK, NY 10004
718-569-7423
Fax No: 845-510-2219
E-mail: jordan@harlow-law.com

*Jordan F. Harlow*
   Partner

April 4, 2024

*Via ECF and Email (CronanNYSDChambers@nysd.uscourts.gov)*
Honorable John P. Cronan
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    Concepcion v. 3rd Avenue Heights, et al.
                1:22-cv-07959-JPC

Dear Judge Cronan:

    This firm represents Plaintiff Jose Concepcion, who is asserting claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") in the above-referenced matter. On March 1, 2024, the parties submitted a joint motion for settlement approval. Annexed to the motion was a proposed Settlement Agreement. On March 14, 2024, the Court issued an Order that the parties submit a joint letter addressing several issues pertaining to the proposed Settlement Agreement. On March 26, 2024, the Court ordered the parties to appear for a telephonic conference on April 4, 2024, to discuss the parties' revised proposed settlement agreement. During the April 4 conference, certain discussions were held regarding the release language contained in Paragraph 6 of the Stipulation of Settlement. Following the April 4, 2024 conference, we are submitting this letter jointly on behalf of both Plaintiff and Defendants in further support of the parties' previous joint motion for settlement approval and incorporating revisions to Paragraph 6 of the Stipulation of Settlement, annexed as Exhibit A.

    The parties respectfully request that the Court grant the parties' joint motion for settlement approval and order the parties to execute the revised Stipulation of Settlement, annexed as Exhibit A, by April 15, 2024. We thank you for your attention and consideration.

        Respectfully submitted,

        /s/
        Jordan Harlow, Esq.

Enc.
CC: All Counsel (via ECF)

The Court is in receipt of the parties' settlement agreement. The Court has reviewed the proposal in light of *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170 (S.D.N.Y. 2015), and *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012), and finds the settlement to be fair.

The Court notes that the attorney's fees were calculated using the percentage method and represent one third of the total settlement amount. While the Court finds those fees to be reasonable, the Court does not make any finding as to the reasonableness of counsel's hourly rate or as to the reasonableness of any particular hours billed for work on this case.

Accordingly, the settlement is approved. The parties shall submit an executed copy of the settlement and any other dismissal paperwork by on or before April 15, 2024.

SO ORDERED.
Date: April 5, 2024
New York, New York

_____
JOHN P. CRONAN
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

Jose Concepcion,                                                          Case No.: 22-cv-07959

                                Plaintiff,                    **STIPULATION OF**
      -against-                                                **SETTLEMENT**

3rd Avenue Heights LLC, Evan Roberts
Company, Fordham 26 LLC, Webster 26
LLC and Robert Khomari,

                                Defendants.
-------------------------------------------------------------------------x

        **WHEREAS**, on June 16, 2023 Plaintiff filed a Second Amended Complaint alleging violation of the Fair Labor Standards Act, 29 U.S.C.201, et seq. and violation of Articles 6 and 19 of the New York State Labor Law;

        **WHEREAS**, Defendants filed an Answer to the Second Amended Complaint denying the essential allegations set forth; and

        **WHEREAS**, after negotiations and without the admission of any wrongdoing, the parties have settled this action, subject to Court approval.

        **THEREFORE**, **IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned as follows:

1. Defendants shall pay to Plaintiff the amount of **Sixty Thousand ($60,000.00) Dollars** in full settlement of this action, inclusive of Plaintiff's damages and legal fees (the "Settlement Amount").

2. Payment of the Settlement Amount shall be made as follows:

    a. Thirty (30) days after entry of an Order from the United States District Court, Southern District of New York ("Court Order") approving this Settlement, (i) One check for compensatory damages in the amount of Thirteen Thousand, Three Hundred and Thirty Three Dollars and Thirty Three Cents ($13,333.33), made payable to Jose Concepcion; and (ii) One check for attorneys' fees and costs in the amount of Six Thousand, Six Hundred and Sixty Six Dollars and Sixty Seven Cents ($6,666.67), made payable to Harlow Law, P.C.;

    b. Seventy-five (75) days after entry of a Court Order approving this Settlement, (i) One check for compensatory damages in the amount of Thirteen Thousand, Three Hundred and Thirty Three Dollars and Thirty Three Cents ($13,333.33), made payable to Jose Concepcion; and (ii) One check for attorneys' fees and costs in the amount of Six Thousand, Six Hundred and Sixty Six Dollars and Sixty Seven Cents ($6,666.67), made payable to Harlow Law, P.C.;

    c. One hundred and twenty (120) days after entry of a Court Order, (i) One check for compensatory damages in the amount of Thirteen Thousand, Three Hundred and Thirty Three Dollars and Thirty Three Cents ($13,333.33), made payable to Jose Concepcion; and (ii) One check for attorneys' fees and costs in the amount of Six Thousand, Six Hundred and Sixty Six Dollars and Sixty Seven Cents ($6,666.67), made payable to Harlow Law, P.C.

    d. Payments made under paragraphs (a), (b), and (c)(ii) of this paragraph "2" shall be paid to Plaintiff's attorneys, Harlow Law, P.C., located at 85 Broad Street, 17th Floor, New York, New York 10004, and may be delivered to Plaintiff;

    e. The payment under paragraph (c)(i) of this paragraph "2" shall be paid into the attorney trust account of Defendants' attorneys, Borah, Goldstein, Altschuler, Nahins & Goidel, P.C. within 120 days after entry of the Order and paid to Plaintiff's attorneys, Harlow Law, P.C. within two (2) business days of Plaintiff's vacating of 2099 Webster Avenue, Basement Apartment, Bronx, NY 10457 (the "Premises") and delivering the Premises broom clean and free of tenancies.

3. In the event that payments are not made as set forth in paragraph "2" herein, then Plaintiff shall have the right to restore this action to the active calendar and seek the appropriate remedies from the Court.

4. Plaintiff shall vacate the Premises and deliver the Premises broom clean and free of tenancies upon notice that the third and final payment (as per paragraph "2" (c)(i)) has been deposited into Defendants' attorney's trust account, **BUT** not earlier then June 30, 2024.

5.  If Plaintiff fails to vacate the Premises as set forth in paragraph "4" herein, then Defendants shall be entitled to a five (5) day notice of default, given to Plaintiff's attorney by both e-mail and hand delivery to their office located at 85 Broad Street, 17th Floor, New York, New York 10004, and if Defendant fails to vacate within five (5) days after the Notice of Default, then Defendants may hold the payment as reference in paragraph "2" (c)(i) in escrow pending vacatur of the apartment.

6.  Upon receipt of the final installment of the Settlement Payment and clearance of all funds, both parties release and forever discharges each other and their present and former affiliates, subsidiaries, parents, owners, partners, officers, directors, shareholders, elected officials, agents, attorneys, employees, former employees, representatives, insurers, reinsurers, and third party administrators, and all of their successors and assigns (collectively, "Released Parties"), from any and all claims, stemming from or arising in relation to the facts that form the basis of Plaintiff's allegations in this action, whether brought on an individual basis or as part of a class, collective, or representative action, under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; New York Labor Law, § 1 et seq.; the New York Workers' Compensation Law, N.Y. Workers' Compensation Law § 1, et seq, (to the extent of Plaintiff's claims of unpaid overtime, unlawfully deducted wages, failure to provide wage notices, failure to provide wage statements and failure to pay spread of hours premium).

7.  Nothing in this paragraph shall prevent the Plaintiff from making truthful statements about litigating this case and the underlying facts.

8.  This Stipulation of Settlement constitutes the entire understanding between the parties and can only be modified or amended by a writing signed by both parties.

9. This Agreement shall be construed and interpreted in accordance with the laws of the State of New York. The Parties submit to and recognize the exclusive jurisdiction and proper venue of the courts of the United States District Court for the Southern District of New York, over any action or other proceeding arising out of or in connection with this Agreement.

10. An electronic signature shall be deemed as originals. A copy of this stipulation shall be deemed as an original for all purposes including enforcement. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall be taken together and deemed to be one instrument.

11. The signatures of the Plaintiff and Defendants below indicate that they had an opportunity to review this Agreement with their attorney, that they have read and understood the provisions and that they have executed it voluntarily with full knowledge of the significance of all provisions.

Dated: New York, NY
April 4, 2024

_____                    _____
Robert Khomari, individually and on                Jose Concepcion
behalf of all Defendants